**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**ZAHID N. QURAISHI**
UNITED STATES DISTRICT JUDGE

**U.S. COURTHOUSE**
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

May 1, 2024

**LETTER OPINION**

**Re: United States v. Darrell Griffin,**
**Criminal Action No. 16-479-ZNQ**

Dear Counsel and Pro se Party:

This matter comes before the Court upon an Unopposed Motion for Early Termination of Supervised Release ("Motion") filed by *pro se* Defendant Darrell Griffin ("Defendant"). (ECF No. 28.) The Government filed a Response in support of the Motion. ("Resp. Br.", ECF No. 31). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2016, Defendant pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 100 grams or more of heroin ("Count 1") and one count of being a felon in possession of a firearm ("Count 2"). (ECF No. 17.) The Court sentenced Defendant to a term of 90 months of imprisonment on each count, to a 4-year period of supervised release on Count 1, and to a 3-year period of supervised release on Count 2, to run concurrently. (ECF No. 19.) Defendant commenced his supervised release on February 25, 2022; his supervised release is set to expire in February 2026. ("Moving Br." at 1, ECF No. 28.) Defendant filed this Motion on March 10, 2024, requesting early termination of his supervised release. (ECF No. 28.) On March 18, 2024, the matter was reassigned to the undersigned. (ECF No. 27.) The Government, in alignment with the United States Probation Office ("Probation"), filed its Response supporting the Motion on March 27, 2024. (ECF No. 31.)

## II. LEGAL STANDARD

A court may terminate a term of supervised release prior to its expiration under 18 U.S.C. § 3583(e)(1). The statute provides that a court may terminate a term of supervised release "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* To determine whether to terminate supervised release, courts may consider the following factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to

> criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 51 (3d Cir. 2020) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "[A]fter considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52; 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a District court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 53 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). It is not required that a District court make specific findings of fact with respect to each of the factors. *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003). Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 315–16 (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)).

## III. DISCUSSION

Defendant's main reason for seeking early termination from his supervised release is so that he "may have increased opportunity to obtain gainful employment, and increased opportunity to provide for himself and for his family." (Moving Br. at 4.) Defendant explains that he has "faced unforeseen obstacles that have made it nearly impossible for him to obtain income that is life sustaining." (*Id.*) Defendant notes that employers halt their hiring process after learning that he is on supervised release. (*Id.*) Specifically, Defendant is facing difficulties becoming a licensed life insurance producer. (*Id.*) Defendant passed the state licensure exam, but the Department of Banking & Insurance ("DOBI") has denied Defendant's licensing privileges in New Jersey. (*Id.* at 4–5.) As such, Defendant claims that he cannot "move forward with his chosen career path as a fully licensed life insurance producer" until completion of his supervised release. (*Id.* at 5.) Defendant also premises his request for early termination of his supervised release upon the fact that he has completed the terms of his supervision, he does not require programming or treatment, has complied with the terms of his release, and that the Government and Probation do not object to his request. (*Id.* at 4.)

Though Defendant has completed over 25 months of supervised release—in satisfaction of the § 3583(e)(1) one-year requirement—the Court finds that early termination of his supervised release is unwarranted under the § 3553(a) factors and is not in the interests of justice. First, the nature and circumstances of the offenses, and Defendant's criminal history, do not warrant granting Defendant's Motion. In addition to pleading guilty to the two counts underlying the present action, Defendant has a significant criminal history. (Resp. Br. at 5.) Defendant has "been convicted of six felony offenses and adjudicated delinquent on five separate occasions"; one of the felony convictions includes a conviction

for violent conduct.  (*Id.* (citing Presentence Investigation Report ("PSR") ¶¶ 34–44)).  Defendant has also been arrested for the following crimes involving violence: attempted murder, simple assault, terroristic threats, violation of a protective order, aggravated assault, and stalking.  (*Id.* at 6 (citing PSR ¶¶ 56–58)).  Surprisingly, although the Government concludes that "the pattern and prevalence of these arrests provide reason to believe that additional supervision of [Defendant] may be appropriate and counsel against providing [Defendant] the release that he seeks," it nonetheless views the Defendant's motion as a "close call" and ultimately recommends granting the Motion.  (*Id.* at 2, 6.)  The Court disagrees.  The serious nature of Defendant's offenses, together with his multiple convictions and arrests, weighs against ending supervised release early.

Next, the Court acknowledges that Defendant has complied with the terms of his release and has not been arrested since his release.  (*Id.* at 7.)  The Court also commends Defendant for making positive strides with his insobriety and for maintaining a "spotless record when it comes to the drug tests administered by the Probation."  (*Id.*)  However, the Court agrees that "a defendant's routine compliance with the terms of supervision, although commendable . . . is precisely what is expected of a defendant."  *United States v. Hou*, Crim. No. 20-780, 2022 WL 2671130, at *3 (D.N.J. July 11, 2022) (quoting *United States v. Stiso*, Crim. No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021)).  Notwithstanding Defendant's compliant behavior while on supervised release, the Court finds that continuing his supervised release reflects the need for additional deterrence and to ensure Defendant continues on his positive trajectory.

Finally, the Court does not agree that Defendant's main reason for seeking early termination of supervised release—increased opportunity to obtain gainful employment—is in the interests of justice for two reasons.  First, the terms of Defendant's supervised release allow him to find work beyond his chosen career path as a licensed life insurance producer.  For example, Defendant explains that he is an "essential worker," and the Government underscores that Defendant has had "steady employment" while on supervised release.  (Moving Br. at 4; Resp. Br. at 9.)  Second, Defendant being on supervised release is not the *per se* reason why DOBI denied his licensing privileges.  In their Response, the Government explained that it reached out to DOBI regarding Defendant's application for licensure.  (Resp. Br. at 9 n.3.)  After speaking with DOBI, the Government learned that although Defendant's "application was negatively impacted by [his] continued supervision . . . DOBI is more likely—but not guaranteed—to approve [his] application once he is no longer under a criminal justice sentence."  (*Id.*)  As such, granting Defendant his requested relief does not guarantee that DOBI will approve his license application.  *See United States v. Kay*, 283 F. App'x 944, 947 (3d Cir. 2008) (affirming a district court's denial of early termination of supervised release where the defendant could apply for a real estate license upon the completion of his supervised release and where the terms of the supervised release permitted the defendant to find other work in the meantime).

Accordingly, in light of the Court's consideration of the § 3553(a) factors, and having determined that granting Defendant's requested relief is not in the interests of justice, the Court declines to exercise its discretion to terminate Defendant's supervised release.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Defendant's Motion for Early Termination of Supervised Release. An appropriate Order will follow.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**